

1251 Avenue of the Americas
21st Floor
New York, NY  10020-1104

**Geoffrey S. Brounell**
(212) 489-8230  tel
(212) 489-8340  fax

GeoffreyBrounell@dwt.com

August 5, 2020

VIA ECF

The Honorable Brian R. Martinotti
United States District Judge
United States District Court
402 East State Street
Trenton, NJ  08608

      Re:  *National Association of Theatre Owners, et al. v. Murphy, Governor, et al.*
          Civil Action No. 3:20-cv-08298-BRM-TJB

Dear Judge Martinotti:

Last evening, Defendants filed a letter arguing two purported "supplemental" authorities. [Docket 32]  Your Honor has kindly permitted Plaintiffs to file this brief objection/response.

First, Plaintiffs do object to Defendants' untimely and unauthorized filing, pursuant to D. N.J. Civil Rule 7.1(d)(6), which expressly forbids sur-replies without the permission of the assigned Judge.  Furthermore, neither of the cases Defendants cite in their letter are "supplemental."  One was decided in early June, before the Complaint in this case was even filed, much less Defendants' Opposition.  The other case was decided in *2017*.  *Delrio-Mocci v. Connolly Properties, Inc.*, 2009 WL 2989537 (D. N.J. Sept. 16, 2009) (rejecting an unauthorized attempted sur-reply); *Slimm v. Bank of America Corp*, 2013 WL 1867035 (D. N.J. May 2, 2013) (permitting a sur-reply only because it was submitted by a *pro per* litigant); *Foster v. Ashcroft*, 2006 WL 1995305 (D. N.J. July 14, 2006) ("A surreply is not an opportunity to rectify an woefully inadequate original brief or <u>raise issues that should rightly have been addressed therein</u>." (emphasis added)).

Second, as to the substance of Defendants' new argument, *Real Alternatives, Inc. v. Secretary of HHS*, 867 F.3d 338 (3d Cir. 2017) has no application here; it does not "expand on" *Cutter v. Wilkinson*, 544 U.S. 709 (2005); and it does not hold that the government can favor religion generally.

*Real Alternatives* asked whether the Affordable Care Act's ("Obamacare") exemption from the contraceptive mandate for houses of worship had to be extended to a secular anti-abortion group under the equal protection clause.  The first question in such a challenge is whether the two entities that are being treated differently by the government are similarly situated.  The court answered no.  Plaintiff, Real Alternatives, Inc., is not a religion or similar to a religion.  Real

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

The Honorable Brian R. Martinotti
August 5, 2020
Page 2

Alternatives is an avowedly secular organization whose credo is limited to a one-sentence mission statement that says it "exists to provide life-affirming alternatives to abortion services throughout the nation." Plaintiff there was an employer, a corporation, and not a belief system

Nothing in *Real Alternatives* supports the startling principle Defendants here are suggesting, namely, that the government is allowed generally to favor religion over non-religion, or religious speech over other types of speech.

As to Defendants' notion that *Real Alternatives* "extended" *Cutter* to contexts other than prisons, the court cited *Cutter* only twice, in passing: First, it said, "[i]f mere disagreement, however vehemently felt, were sufficient to bring an equal protection claim, virtually any law implicating religion would be rendered moot because the exemption would be too easy to invoke. *Cf. Cutter v. Williamson*, 544 U.S. 709 724 (2005) (acknowledging that "all means of religious accommodations would fall" if the Court struck down one law that implicated religion because of the similarities among religious accommodation laws)." This incidental "*cf.*" reference is no support for Defendants' assertion.

The second time the court cited Cutter was as follows: "Even when noninterference [with church autonomy] is not strictly required, the Government has discretion to grant certain religious accommodations subject to constitutional limitations. Cutter, 544 U.S. at 720-22." (Emphasis added.)

Neither of these two passing references applies where the respective speakers are similarly situated, as are religious gatherings and movie theatres.

The issue Defendants pose is actually addressed in *Center for Inquiry v. Marion County Circuit Court Clerk*, 758 F.3d 869 (7th Cir. 2014), where the court held that the government's distinction between religion and non-religion violated both the First and Fourteenth Amendments because "[n]eutrality is essential to the validity of an accommodation." (citing *Cutter v. Williamson*). *See also Estate of Thornton v. Caldor, Inc.*, 472 U.S. 703 (1985); *United States v. Lee*, 455 U.S. 252 (1982).

Third, the other case cited in Defendants' letter, *Illinois Republican Party v. Pritzker,* No. 20-2175 (7th Cir. July 3, 2020) is a 1½ page unsigned order simply denying an injunction pending appeal. It is not an opinion or decision on the merits of the case and has no precedential authority. The case is on an expedited appeal to the Seventh Circuit.

The very short unsigned order denying an injunction pending appeal does not state the facts of that case. However, if the order is of any importance to the present case, it is the court's recognition that a content-based restriction on speech is subject to strict scrutiny, per *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015), a point Defendants have refused to acknowledge until now.

The Honorable Brian R. Martinotti
August 5, 2020
Page 3

Defendants' Executive Orders in this case simply cannot survive strict scrutiny and its "least restrictive means" analysis.  Per Executive Order No. 173 and earlier Executive Orders, Defendants overtly favor religious and political gatherings, weddings, funerals, and non-religious memorial gatherings over movie theatres' artistic and cultural expression.  This could never survive strict scrutiny and is the antithesis of least restrictive means.

Furthermore, the record in *Illinois Republican Party* is undoubtedly quite different from the record in this case.  Here, the State has repeatedly filed evidence in this Court that has fatally undermined its purported public health justifications for the unequal treatment of churches and movie theatres..

Finally, it is worth noting that in *Elim Romanian Pentecostal Church v. Pritzker*, 962 F.3d 341 (7th Cir. 2020) (cited in *Illinois Republican Party* and the only precedential Seventh Circuit decision here), the court upheld the challenged Illinois executive order setting the ***same*** occupancy limit for religious gatherings as other gatherings because it was ***neutral***.  The court quoted Chief Justice Roberts' concurrence in *S. Bay Pentecostal Church v. Newsom*, 140 S.Ct. 1613 (2020), discussing the similarities between churches and movie theatres.  The court in *Elim* only held that a *neutral* occupancy limit could survive, comparing religious gatherings to theatres and concerts.

We have much more to say about *Real Alternatives* and *Illinois Republican Party* and look forward to discussing them further at this afternoon's hearing.

Respectfully yours,

/s/  *Geoffrey S. Brounell*
Geoffrey S. Brounell

cc:     All Counsel of Record